### Henry Jurgensmeyer et al. v. E. S. Householder.

1. LANDLORD AND TENANT—*Crops Damaged When Left on Land Contrary to Terms of Lease.*—Where a landlord leases land with the provision that the tenant should remove his crops from the fields prior to December 25th, so that the other tenants on the farm might turn out their stock, and that if his crops were not removed before that time they should remain on the premises at the tenant's risk and peril, and that the tenant should not hold the landlord or other tenants liable for their stock trespassing upon the crops and damaging them, and the tenant's crops were damaged by reason of his ignoring such provision, he can not recover.

Trespass, for damages caused by live stock. Appeal from the County Court of Vermilion County; the Hon. S. MURRAY CLARK, Judge presiding. Heard in this court at the November term, 1902. Reversed and remanded. Opinion filed August 28, 1903.

EVANS & McDOWELL, attorneys for appellants.

JAMES DWYER and W. H. DWYER, attorneys for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee brought his action of trespass against appellants in the County Court of Vermilion County to recover damages to his corn and fodder in stock, by appellants' cattle and horses. The jury awarded appellee $100 damages, upon which the court entered judgment.

The appellants, the appellee and one Fisher were tenants

of one Fithian; appellants, father and sons, occupied 520 acres, appellee 120 acres, and Fisher 320 acres. There were no fences separating the tracts occupied by appellants and appellee.

The only ground urged for reversal of the judgment below, is the rejection by the court of certain evidence offered by appellants. Appellants on the trial offered to prove by the landlord, Fithian, and Henry Jurgensmeyer, that in January or February, 1901, Fithian told appellee that he could have the 120 acres for the next year, provided he would remove his crops therefrom prior to December 25, 1901, so that the other tenants on the farm could turn out their stock; that if his crops were not removed before that time they would remain on the premises at appellee's risk and peril, and that appellee should not hold appellants or the other tenants liable for their stock trespassing upon the crops and damaging them; that appellee accepted these terms and conditions, and went into possession under them; that subsequently appellee agreed, in consideration of the privilege of cutting and shredding the corn (a privilege he did not have under the terms of his original lease), that he would remove his crop by the first day of December, 1901, and would not hold appellants liable for any damage their stock might do to his crop after that date.

True, these agreements, if made by appellee, were made with Fithian, who was not a party to this suit, but they were made for the benefit of appellants and with their knowledge. Appellants had the right under their lease with Fithian to let their stock into the open fields after the 25th of December, and appellee had notice of this right. If appellee, in the face of such agreement with his landlord and of the known rights of appellants, chose to let his crop remain on the premises, he did so at his risk and can not take advantage of his own default and wrong.

The evidence offered by appellants was competent under the issues and its rejection by the court was error. The judgment will be reversed and the cause remanded.